# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-669-FDW-DCK

| | |
|---|---|
| DONNA JOHNS, and PAMELA JEAN FRICK, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** |
| ALLURA USA LLC, PLYCEM USA LLC d/b/a ALLURA, PLYCEM USA, INC., ELEMENTIA, USA, INC., and ELEMENTIA S.A. de C.V., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Stay Pending Ruling On Plaintiff Shara Guinn's Motion To Transfer Actions To The Southern District Of Ohio Pursuant To 28 U.S.C. § 1407 For Coordinated Or Consolidated Pretrial Proceedings" (Document No. 35) filed February 13, 2019. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C §636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

The undersigned notes that Plaintiffs' "First Amended Class Action Complaint" (Document No. 27) was filed on February 1, 2019. Also on that date, the parties filed their "Certification And Report Of F.R.C.P. 26(F) Conference And Proposed Discovery Plan" (Document No. 28). The undersigned notes that it was Plaintiffs' position that discovery in this matter should commence immediately, notwithstanding the fact that "this case has been identified in a Motion To Transfer Actions to the Southern District of Ohio [p]ursuant to 28 U.S.C. §1407."

(Document No. 28, pp. 4-5). Moreover, the "Certification And Report…" does not appear to suggest that a stay is necessary. (Document No. 28).

Based on the parties' "Certification And Report…" (Document No. 28), the Honorable Frank D. Whitney issued a "Case Management Order" (Document No. 34) on February 13, 2019. The pending "Motion To Stay…" (Document No. 35) was also filed on February 13, 2019. By February 15, 2019, Defendants had filed their: (1) "…Renewed Motion To Dismiss In Favor Of Arbitration" (Document No. 38); (2) "…Request For Preliminary Hearing On Motion To Dismiss…" (Document No. 40); and "…Motion To Dismiss Counts II-V . . . For Failure To State A Claim" (Document No. 41).

The undersigned granted Plaintiffs' "Consent Motion For Extension Of Time To Answer Or Otherwise Respond To Defendants' Motions To Dismiss" (Document No. 45) on February 26, 2019). (Document No. 46). Plaintiffs' request to extend the deadlines to file responses to Defendants' pending motions, like the "Certification And Report…," did not address the purported need for a stay of this matter. See (Document No. 45).

Under all the circumstances of this case, the undersigned will respectfully decline, at this time, to issue a stay. Instead, the parties should proceed with this case pursuant to the Local Rules and the "Case Management Order," and continue briefing the pending motions as previously ordered. See (Document Nos. 34 and 46).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Stay Pending Ruling On Plaintiff Shara Guinn's Motion To Transfer Actions To The Southern District Of Ohio Pursuant To 28 U.S.C. § 1407 For Coordinated Or Consolidated Pretrial Proceedings" (Document No. 35) is **DENIED**.

**SO ORDERED**.

Signed: March 11, 2019

David C. Keesler
United States Magistrate Judge